IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ORLANDO RODRIGUEZ-CASTILLO,<br><br>Defendant. | CRIMINAL NO. 09-101 (ADC) |

**REPORT AND RECOMMENDATION**

Defendant Orlando Rodríguez-Castillo was charged in a twenty seven (27) counts Information wherein from on or about February 28, 2004, to on or about May 6, 2006, in the District of Puerto Rico, and within the jurisdiction of this court, the defendant herein, knowingly made and presented, and caused to b e made and presented, to the IRS, an agency of the Department of the Treasury, twenty seven (27) claims against the United States for payment, which he knew to be false, fictitious or fraudulent, by preparing and causing to be prepared, and causing to be filed, what purported to be federal income tax returns, for the individuals and amounts set forth in the Information, wherein the claims for income tax refunds were made, with knowledge that such claims were false, fictitious or fraudulent inasmuch as, the forms were not authorized or signed by the individual taxpayers and contained false and misleading information relating to the number of dependants.  All in violation of Title 18, United States Code, Section 287.

Defendant appeared before this Magistrate Judge on March 16, 2009, since the Rule 11 hearing was referred by the court.  Defendant was provided with the Waiver of

United States v. Orlando Rodríguez-Castillo
Criminal No. 09-101(ADC)
Report and Recommendation
Page No. 2

Indictment and a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to all twenty seven (27) counts of the Information, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated all twenty seven (27) counts of the Information, he was examined and verified as being correct that: he had consulted with his counsel Juan R. Acevedo-Cruz, Esq. and Arturo R. Negrón-García prior to the hearing to enter a plea of guilty, that he was satisfied with the services provided by his legal representatives and had time to discuss with them all aspects of the case, insofar, among other things, regarding the hearing to enter the plea, the consent to proceed before a United States Magistrate Judge, the content of the Information and Waiver of Indictment, and charges therein, his constitutional rights, and the consequences of the waiver of same.

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

Defendant was specifically apprised by this Magistrate Judge that, by entering a plea of guilty to the charges specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Acevedo-Cruz, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

United States v. Orlando Rodríguez-Castillo
Criminal No. 09-101(ADC)
Report and Recommendation
Page No. 4

  Defendant expressed his understanding of the penalties prescribed by statute for each count charged in the Information and to which he was pleading guilty which is a term of imprisonment of five (5) years for each count, a fine not to exceed two hundred and fifty thousand ($250,000.00) dollars, and a term of supervised release of not more than three (3) years, in addition to a special assessment of one hundred dollars ($100.00), per count, as required by Title 18, United States Code, Section 3013(a).

  Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the documents entitled "Plea Agreement" and "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

  The above-captioned parties' estimate and agreement appears on pages two (2) and three (3), paragraph six (6) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. The Base Offense Level pursuant to U.S.S.G. § 2T1.1 and 2T4.1(E) is of fourteen (14) for a tax loss of more than $30,000, less than $80,000. Pursuant to U.S.S.G. § 3B1.2, a two (2) level increase is warranted for abuse of position of trust or use of special skills. Pursuant to U.S.S.G. § 3E1.1, a three (3) level reduction for acceptance of responsibility is warranted, for a Total Offense Level of thirteen (13), yielding an imprisonment range of twelve (12) to eighteen (18)

---

[2] Defendant acknowledged discussing the content of the "Plea Agreement Supplement" with his counsel and understanding the consequences of the same.

United States v. Orlando Rodríguez-Castillo
Criminal No. 09-101(ADC)
Report and Recommendation
Page No. 5

months assuming a Criminal History Category of I. The parties make no stipulation as to defendant's Criminal History Category.

Pursuant to paragraph eight (8) of the Agreement, at sentencing the parties agree to recommend a sentence at the lower end of the guidelines. The defendant agrees that this sentence is reasonable pursuant to Title 18, United States Code, Section 3553(a).

Pursuant to paragraph nine (9) of the Agreement, the United States and the defendant agree that no further adjustments or departures shall be requested by the parties and that this agreement considers all relevant factors set forth in Title 18, United States Code, Section 3553. The parties further agree that any request for a term of imprisonment outside of the applicable guideline range shall constitute a material breach of this Plea Agreement.

As part of the written Agreement, the government, the defendant, and his counsel also agreed that they were aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission. Defendant was also read and shown a written document entitled "Stipulated Version of Facts", which had been signed by defendant and his counsel

United States v. Orlando Rodríguez-Castillo
Criminal No. 09-101(ADC)
Report and Recommendation
Page No. 6

and is attached to the Agreement, wherein the signature of counsel for the government also appears.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole.

Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[3]

Defendant waived the reading of the Information in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Counts One thru Twenty Seven of the Information was what he had done and to which he was pleading guilty

---

[3]The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph fifteen (15) a waiver of appeal. Defendant and his counsel acknowledged discussing the waiver of appeal and its consequences.

during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Counts One thru Twenty Seven of the Information in Criminal No. 09–101 (ADC).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One thru Twenty Seven of the Information in Criminal No. 09–101 (ADC).

**IT IS SO RECOMMENDED.**

The sentence will be promptly scheduled, before Hon. Aida M. Delgado-Colón, District Court Judge.

San Juan, Puerto Rico, this 16th day of March of 2009.

            s/ CAMILLE L. VELEZ-RIVE
            CAMILLE L. VELEZ-RIVE
            UNITED STATES MAGISTRATE JUDGE